E-FILED
Friday, 30 October, 2026 08:27:27 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| **DON COLLINS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-4140** |
| | ) | |
| **ERIN POSEY *et al.*,** | ) | |
| **Defendants.** | ) | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) under 42 U.S.C. § 1983, a Petition to Proceed *in forma pauperis* ("IFP") (Doc. 7), and a Motion for Status (Doc. 14) filed by Plaintiff Don Collins, a resident of the Illinois Department of Human Services Treatment and Detention Facility ("TDF") under the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq*.

**I. Screening Standard**

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).

In reviewing the complaint, the district court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Facts Alleged

Plaintiff names the following TDF personnel as Defendants: Erin Posey and Lindsey Wagner. Plaintiff asserts he purchased a DVD series in 2022, which he describes as a four-movie collection based on the "Nightmare on Elm Street" movie franchise. Plaintiff claims that TDF initially approved his possession of the collection, which Defendant Wagner disallowed based on a sex scene between teenagers in which moaning can be heard. Plaintiff claims that no sexual acts are depicted, the scene does not indicate the ages of the participants in the encounter, and mere moaning is not indicative of sexual activity. Plaintiff claims TDF has a history of confiscating an entire DVD collection of a movie franchise based on one disapproved movie. When Plaintiff wrote to Defendants Posey and Wagner regarding the movie restriction, he did not receive a response.

## III. Analysis

Plaintiff's Petition to Proceed *in forma pauperis* (Doc. 6) is granted.

Video games and movies are forms of expression protected by the First Amendment. *See Young v. American Mini Theatres, Inc.*, 427 U.S. 50, 59 (1976) (recognizing that an ordinance affecting adult movie theaters affected First Amendment

communication rights). A plaintiff's receipt of that expression is also a First Amendment right. *Bd. of Educ. v. Pico*, 457 U.S. 853, 867 (1982) ("[T]he right to receive ideas is a necessary predicate to the recipient's meaningful exercise of his own [First Amendment rights].").

However, as with all First Amendment rights, a plaintiff's First Amendment rights must be balanced against legitimate governmental concerns. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.").

Under *Turner*, restrictions on a prisoner's First Amendment rights are constitutional if those restrictions are "reasonably related to legitimate penological interests." *Id.*; *see also, e.g.*, *Brown v. Phillips*, 801 F.3d 849, 854–55 (7th Cir. 2015) (extending *Turner* civil detainee claims and concluding that "defendants' evidence at summary judgment [was] too feeble to justify the ban on movies" because the record did "not contain a basis for linking the ban on media content to Rushville's therapeutic or security goals").

The Court concludes that Plaintiff's account is sufficient to state a First Amendment Freedom of Expression claim against Defendants Posey and Wagner. Entry of the Court's Order renders moot Plaintiff's Motion for Status (Doc. 14.).

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's IFP Petition (Doc. 6) is GRANTED.**

2) **Plaintiff's Motion for Status (Doc. 14) is DENIED.**

**3) Pursuant to 28 U.S.C. § 1915A, the Court finds that Plaintiff has alleged enough facts to proceed with his First Amendment freedom of expression claim against Defendants Posey and Wagner. Plaintiff's claims against Defendants proceed in their individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**4) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

**5) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

**6) Concerning a Defendant who no longer works at the address Plaintiff had provided, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

**7) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver of service. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an Answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.**

**8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail copies of motions and other papers that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed**

**with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will explain the discovery process in more detail.**

**9) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.**

**10) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit, with prejudice.**

**11) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**12) The Clerk is directed to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

**13) The Clerk is directed to attempt service on Defendants under the standard procedures.**

ENTERED October 30, 2026.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE